**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 24 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GUY ADAM ROOK,

Petitioner-Appellant,

v.

DONALD HOLBROOK,

Respondent-Appellee.

No.    20-35139

D.C. No. 2:18-cv-00233-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted August 13, 2021
Seattle, Washington

Before:  EBEL,[**] BEA, and VANDYKE, Circuit Judges.

A jury convicted Guy Rook of vehicular assault committed in a reckless

manner.  *See* Rev. Code Wash. § 46.61.522.  Because this conviction was his "third

strike" under Washington's Persistent Offender Accountability Act (the "POAA"),

the Washington state trial court sentenced him to life imprisonment without the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable David M. Ebel, United States Circuit Judge for the U.S.
Court of Appeals for the Tenth Circuit, sitting by designation.

possibility of parole. *See* Rev. Code Wash. § 9.94A.570. On direct appeal, the Washington Court of Appeals affirmed, concluding that he failed to prove his sentence was grossly disproportionate in violation of the Eighth Amendment of the U.S. Constitution and Article 1 (Section 14) of the Washington Constitution.[1] Rook then filed the instant habeas petition under 28 U.S.C. § 2254. The district court denied the petition, and Rook appeals from this decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.　　Rook first contends that his federal constitutional claim was not "adjudicated on the merits in State court proceedings" under § 2254(d). If Rook were right, he would be entitled to de novo review, rather than § 2254(d)'s highly deferential standard of review. *See Amado v. Gonzalez*, 758 F.3d 1119, 1130 (9th Cir. 2014).

Rook is correct to some extent: the Washington Court of Appeals declined to address his Eighth Amendment claim directly because, as it explained, "[t]he state constitutional proscription against 'cruel punishment' affords greater protection than its federal counterpart," so "if the state constitutional provision is not violated, neither is the federal provision." But his argument ultimately fails because a

---

[1] The Washington Supreme Court subsequently denied review without comment, so we review the Washington Court of Appeals's decision as the "last reasoned state court opinion." *Tamplin v. Muniz*, 894 F.3d 1076, 1082 (9th Cir. 2018) (internal citation omitted).

2

discussion of federal authority is not required to find that a state court adjudicated a petitioner's federal claim "on the merits." *See Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam) (holding that § 2254(d) "does not require citation of [federal] cases—indeed, it does not even require *awareness* of [federal] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them"). If, like here, "the state-law rule subsumes the federal standard—that is, if it is at least as protective as the federal standard—then the federal claim may be regarded as having been adjudicated on the merits." *Johnson v. Williams*, 568 U.S. 289, 299, 301 (2013) (reversing grant of habeas and holding that "a state appellate court may regard its discussion of the state precedent as sufficient to cover a claim based on the related federal right").

Although our "strong" presumption "that the federal claim was adjudicated on the merits" is not "irrebuttable," *id.* at 301–02, Rook fails to rebut the presumption. Rook argues merely that the Washington Court of Appeals applied the wrong standard. But this argument is more apt in addressing the next step of the analysis: whether the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law." § 2254(d); *see Norris v. Morgan*, 622 F.3d 1276, 1285 (9th Cir. 2010) (applying § 2254(d) even though the Washington Court of Appeals declined to discuss petitioner's Eighth Amendment claim because the Washington Constitution, which it did discuss, is

more protective). Because Rook fails to establish that his federal constitutional claim was not "adjudicated on the merits," we must apply § 2254(d)'s deferential standard of review.

**2.** Rook next argues that even if the Washington Court of Appeals had adjudicated his claim "on the merits," he is still entitled to relief because the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d). "Under the 'contrary to' prong of § 2254(d)(1), a federal court may grant habeas relief only if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *McKinney v. Ryan*, 813 F.3d 798, 811 (9th Cir. 2015) (internal citation omitted).

More specifically, Rook contends that the Washington Court of Appeals's decision was "contrary to" the principles set forth in *Rummel v. Estelle*, 445 U.S. 263 (1980); *Solem v. Helm*, 463 U.S. 277 (1983); *Harmelin v. Michigan*, 501 U.S. 957 (1991); and *Graham v. Florida*, 560 U.S. 48 (2010). The Supreme Court has recognized that its "precedents in this area have not been a model of clarity" and that "the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare'

4

and 'extreme' case." *Lockyer v. Andrade*, 538 U.S. 63, 72–73 (2003). In evaluating these proportionality claims, the Supreme Court has considered some "objective criteria," such as "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Solem*, 463 U.S. at 292. But, "at the very least, . . . courts must objectively measure the severity of a defendant's sentence in light of the crimes he committed." *Norris*, 622 F.3d at 1287.

Although the Washington Court of Appeals addressed Rook's proportionality claim under the Washington Constitution,[2] Rook fails to establish that the decision "was contrary to . . . clearly established Federal law" under § 2254(d). The Washington Court of Appeals considered—and rejected—Rook's argument that "the seriousness of [his] offenses weighs heavily against application of the POAA in this case" and that his circumstances "do not warrant the imposition of the highest

---

[2] In doing so, the Washington Court of Appeals analyzed three factors: "(1) the nature of the offense, (2) the punishment received in other jurisdictions for the same offense, and (3) the punishment imposed for other offenses in the same jurisdiction." *See State v. Manussier*, 921 P.2d 473, 485 (Wash. 1996) (specifying that Washington state courts "consider[] [these] three factors in determining whether a punishment is disproportionate to the crime committed and thus 'cruel' in contravention of [Washington] Const. art. I, § 14").

5

punishment possible short of the death penalty."[3]  The court analyzed past and present iterations of the vehicular assault statute, of which Rook was convicted, and concluded that "Rook fail[ed] to show that either the nature of the [offense] or the legislative purpose warrants a less severe penalty."  The Washington Court of Appeals also examined "a survey of other states' vehicular assault statutes" and found that Rook's conduct satisfies the elements for assault with a deadly weapon—and thus constitutes a "strike" under the respective recidivist statute—in both North Carolina and California.  Rook thus fails to carry his burden.  *Cf. Harmelin*, 501 U.S. at 987–89, 1001 (holding that mandatory life sentence without possibility of parole for possession of cocaine was not grossly disproportionate in violation of the Eighth Amendment).

---

[3] We reject Rook's contention that Washington state courts are "required"—in contravention of "clearly established Federal law"—to disregard the distinction between sentences of life with and without the possibility of parole.  Not only did the Washington Court of Appeals acknowledge and assess the severity of Rook's sentence here, but Rook misreads the relevant state authority regarding the state standard.  In *In re Grisby*, 853 P.2d 901 (Wash. 1993), the Washington Supreme Court noted that although "[t]he two penalties . . . are substantially similar," they are "obviously not identical."  *Id.* at 905 (internal citation omitted).  Recognizing that the U.S. Supreme Court's "majority opinion in *Solem* is very fact specific," the Washington Supreme Court clarified that "[e]ven the most cursory reading of *Solem* shows that its references to the disparity of sentences of life with and without possibility of parole are limited to [the petitioner]'s sentence" in that case.  *Id.* at 905–07.  Rook's contention is "incompatible with § 2254(d)'s highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt."  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted).

Accordingly, the district court's order, which denied Rook's habeas petition under § 2254, is **AFFIRMED.**